IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

ARNOLDO GUTIERREZ,

    Plaintiff,

v.    Civil Action No. 3:13-cv-00347

REUVEN KIGELMAN,

T.P.T. SYSTEMS, INC.,

and,

673753 ONTARIO LIMITED, d/b/a,

TRAFFIX

    Defendants.

## **MEMORANDUM OPINION**

This matter comes before the Court on the defendants' motion to dismiss portions of the amended complaint for failure to state a claim. (Dk. No. 21.) This case arises from a truck accident, in which a wheel came off the defendants' truck and hit a truck driven by the plaintiff, Arnoldo Gutierrez. Relying on theories of negligence and negligent entrustment, Gutierrez has sued the driver of the other truck, Reuven Kigelman, T.P.T. Systems, Inc., and 673753 Ontario Limited d/b/a Traffix. The defendants now move to dismiss the claim of negligent entrustment and the claim for punitive damages.

In Count I, Gutierrez brings a claim of simple negligence against the defendants based on Kigelman's operation of the truck. In Counts II and III, Gutierrez says that T.P.T. and Traffix

negligently entrusted Kigelman with the truck.[1] In addition to compensatory damages, Gutierrez also seeks punitive damages.

The Court DENIES the defendants' motion to dismiss because the plaintiff has alleged sufficient facts to state a claim for negligent entrustment and punitive damages.

## I. Facts[2]

In 2011, Kigelman worked as a truck driver and drove a tractor trailer owned by Traffix and T.P.T. (Traffix owned the trailer, and T.P.T. owned the tractor). Kigelman and Traffix shared responsibility for inspecting and maintaining the tractor and trailer. Kigelman also had multiple past driving problems including: prior traffic convictions, violations of company policy, involvement in a preventable accident, and several terminations (including a termination from T.P.T.).

Kigelman says he had inspected the vehicle and did not notice any problems. Nevertheless, on Interstate 81, a two-wheel assembly broke off the trailer, rolled across the median strip, and hit Gutierrez's truck, causing serious injuries to Gutierrez.

## II. Discussion

*a. Negligent Entrustment*

Virginia recognizes two theories by which a vehicle owner can be liable for entrusting another person with his vehicle. First, a court can hold the owner liable for giving the vehicle to someone who poses a known threat to others on the road. "The test of liability for negligent

---

[1] Counts II and III also allege that Traffix and T.P.T., as Kigelman's employers, are vicariously liable for his negligence. The defendants do not ask the Court to dismiss the vicarious liability elements of Counts II and III.

[2] Following settled law, the Court views the facts as alleged in the Amended Complaint in the light most favorable to the plaintiff. *See De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991). Additionally, at this stage of the case, the plaintiff only needs to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 557 (2007).

2

entrustment is whether the owner knew, or had reasonable cause to know, that he was entrusting his car to an unfit driver likely to cause injury to others." *Goff v. Jones*, 47 F. Supp. 2d 692, 697 (E.D. Va. 1999) (citing *Hack v. Nester*, 241 Va. 499, 503, 404 S.E.2d 42, 43 (1991); *Denby v. Davis*, 212 Va. 836, 838, 188 S.E.2d 226, 229 (1972)). A second theory of negligent entrustment bases liability on the condition of the vehicle, instead of the fitness of the driver. *Hack v. Nester*, 241 Va. 499, 504, 404 S.E.2d 42, 44 (1991). To prove liability, the plaintiff must show that a person entrusted another with a vehicle when he knew that the vehicle's condition made it unsafe to operate and that "the vehicle's unsafe condition was a proximate cause of the collision." *Id.*

Gutierrez has alleged facts to meet the requirements for negligent entrustment. According to the Amended Complaint, T.P.T. and Traffix had previously worked with Kigelman, and thus had reason to know of Kigelman's past driving violations. Further, because Traffix helped with the maintenance and repair of the tractor trailer, it should have known or had reason to know of the unsafe condition of the vehicle. The Court therefore DENIES the motion to dismiss the negligent entrustment claims.

### b. Punitive Damages

Virginia permits punitive damages in personal injury cases when the defendant acts with a wanton or willful negligence that displays a conscious disregard for the rights of others, or reckless indifference to the safety of others. *Schieszler v. Ferrum Coll.*, 233 F. Supp. 2d 796, 805-06 (2002) (quoting *Booth v. Robertson*, 236 Va. 269, 273, 374 S.E.2d 1, 3 (1988)). The plaintiff has alleged that by failing to drive attentively and provide proper inspection and maintenance to the vehicle, the defendants acted with reckless indifference and a conscious disregard for the rights of others. Although the complaint does not have much meat to support

3

the claim for punitive damages, the plaintiff could plausibly establish it. The Court therefore DENIES the defendants' motion to dismiss the claim for punitive damages.

### III. Conclusion

The issues raised by the defendants in their motion to dismiss may prove fatal to the plaintiff's case after further factual development—either on a motion for summary judgment or at trial. At this stage, however, for the reasons set forth above, the Court DENIES the motion to dismiss.

The Court will enter an appropriate order.

Let the Clerk send a copy to all counsel of record.

Date: <u>March 26, 2014</u>

/s/ John A. Gibney, Jr.
United States District Judge